**Gagik GABRIELYAN; Marine Grigoryan, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–70693.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 22, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Gittel Gordon, Esq., Law Offices of Gittel Gordon, La Jolla, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Alexandra J. Shepard, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret K. Taylor, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Gagik Gabrielyan and Marine Grigoryan, natives and citizens of Armenia, petition for review of a Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

** This disposition is not appropriate for publication and is not precedent except as provid-

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Gabrielyan testified the police questioned him about documents and thought he had information about an assassination attempt. Substantial evidence supports the agency's finding that the police harassed Gabrielyan as part of a legitimate criminal investigation and not on account of his membership in a particular social group, an imputed political opinion, or any other protected ground. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1045 (9th Cir.2004). Accordingly, his asylum claim fails. *See id.*

Because Gabrielyan failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence supports the BIA's denial of CAT relief because Gabrielyan failed to establish that it is more likely than not that he will be tortured if returned to Armenia. *See Wakkary v. Holder,* 558 F.3d 1049, 1067–68 (9th Cir.2009).

**PETITION FOR REVIEW DENIED.**